*1081 ON THE MERITS.
This is an injunction against an executory proceeding in.the foreclosure of a special mortgage, on the averment that the mortgage note on which foreclosure proceedings were taken is not the evidence of any indebtedness of the plaintiff as mortgagor — said note being for the sum of six thousand dollars and bearing date April 18, 1889.
The aforesaid note was seized by the defendant Hebert, under a writ of fi. fa. against Tiburce Norres on a small judgment, in the hands of Zenon Deeuir; and he advertised same for sale, and caused it to be adjudicated to himself, against the protest of the plaintiff.
This note was secured by mortgage upon the lands now under seizure and the sale of which is enjoined.
Originally, the note and mortgage were executed by the plaintiff in favor of Tiburce Norres, her son; and he had placed them in the hands of Deeuir.
The averments of plaintiff are, substantially, that on the 17th of December, 1895, “ she paid and settled same by agreement with Tiburce Norres, the then holder of said note, executing her promissory notes secured by mortgage on the aforesaid property to represent her indebtedness to the said Norres, which indebtedness-, though prescribed, constituted a natural obligation and made it the consideration of the new note and mortgage,” etc.
“ She further alleges that if this latter note and agreement be not considered the payment of the debt, that same operated the novation of the indebtedness, as well as of the said note and mortgage, which were finally extinguished and settled thereby.”
She further shows that by said agreement between her and the said Norres, owner of the note, the mortgage first executed to secure the same was to be canceled and erased from the mortgage records of the parish, and that same was canceled and erased accordingly. .
She represents that the note upon which the seizure and sale is based is barred and extinguished by prescription of five years, and that any pretended waiver which may appear thereon was never signed by her, nor is the pretended signature thereon genuine. ,
She finally avers “ that, by the said agreement the note and morb-t gage given by her to Tiburce Norres on December 17, 1895, became the sole evidence of any and all debts which was due by her to said Tiburce Norres, both at the time and since, and that the note sued *1082 on evidences no debt due by petitioner, but belongs to her, and that she is entitled to possession thereof.”
■ The prayer of her petition conforms to her allegations.
The seizing creditor admits having seized the old note on 9th of June, 1896 — six months after the execution and delivery of the new note and mortgage to Tiburce Horres — in the hands of Zenon Decuir, an alleged pledgee thereof, and subject to such rights as he may have had thereon.
He alleges in his answer that the prescription of the note had been formally renounced and waived, and that the renunciation and waiver are evidenced by her signature upon the back of the note.
He denies that the inscription of the mortgage securing said first note had ever been "validly or legally canceled; and avers that any pretended cancellation which may appear upon said inscription, ■has been made in fraud of the law and the holder of said note.”
Upon the trial there was judgment in favor of the plaintiff, perpetuating the injunction, and the defendant prosecutes this appeal.
- The proof shows that the first note for six thousand dollars was executed by the plaintiff and secured by a conventional mortgage, and delivered to her son, Tiburce Horres; and that he deposited it ■with Zenon Decuir, at some date in 1893 which does not particularly appear.
That in December, 1895, she executed another exactly similar note and mortgage, in renewal of the mortgage and note first described.
That, in the act of mortgage, given to secure this last note, both Mrs. Derouen, as mortgagor, and Horres, as mortgagee, recognizing the extinction of the mortgage securing the first note, directed its cancellation by the recorder of mortgages; and this was accordingly done on the 15th of January, 1896, and Zenon Decuir, the ostensible pledgee, was duly notified thereof, and demand was made upon him for the surrender of the old note, which he refused and declined to do.
That on the 22d of May, 1896, the defendant, Hebert, obtained a judgment against Tiburce Horres, and seized thereunder, on the 9th of June following, said note in the hands of Decuir; and subsequently advertised and sold it at sheriff’s sale and bought it in.
That, notwithstanding the mortgage had been canceled for several months prior to bis seizure of the note, and consequently long *1083 prior to the time oí procuring the order of seizure and sale, yet he proceeded in disregard of same, assuming that the cancellation was illegal and void, as having been made in fraud of the law and of the holder of the note.
That the note being, at the time of the seizure, in the hands of Decuir as pledgee, and not of Horres, it was not affected by the alleged payment, or novation, by the substitution of the new note.
That the plaintiff, Mrs. Derouen, had no transactions, mercantile or otherwise, with Zenon Decuir; and that she received no supplies or other value from him at any time.
That Zenon Decuir is not a party to this suit and was not to the executory proceedings; nor does he appear for the purpose of complaining of the cancellation of the mortgage securing the note he held in pledge.
From the foregoing facts it seems clear, that there was, in December, 1895, no legal obstacie to the transaction between the mortgagor and the mortgagee, for the surrender of the old note and the cancellation of its accompanying mortgage, upon the substitution of a new note and mortgage in its place and stead — subject, of course, to such rights as Zenon Decuir may have had as pledgee.
It is a sufficient answer to all that the seizing creditor has to say upon the subject, to reply, that this transaction occurred before he had acquired any rights under his seizure against Horres, and several months prior to the date he obtained a judgment against him; and that he is without interest.
And in any event, it is impossible to conceive of any benefit he could have derived by virtue of the fact that the old note was still in the hands of the pledgee at the time of seizure.
He did not seize any right of Zenon Decuir in the note and mortgage as pledgee; but' he claims to have seized the rights of Horres, subject to the pledge to Decuir. The pledgee must champion his own rights, if he has any.
It is useless to enter upon any discussion of the rights of third persons, as there are none asserted as having had an existence at the time the transaction took place. And for a like reason we deem it unnecessary to draw any refined distinctions between novation and payment, as under the foregoing statement they are moot questions, and any expression of opinion thereon would be an obiter dictum,.
*1084 In the decree of the judge a quo no mention is made of attorney’s fees or damages; and there is no answer to the appeal or prayer for the amendment of the judgment appealed from.
We agree with the views he has expressed.
Judgment affirmed.